UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL PFEFFER,<br><br>                    Plaintiff,<br><br>v.<br><br>REGAL ENTERTAINMENT, INC;<br>REGAL CINEMAS, INC. et al.,<br><br>                    Defendants. | Case No.:  22cv0064-L-MDD<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

Defendants removed this personal injury action from State court pursuant to 28 U.S.C. §§1332 and 1441.  For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing removal jurisdiction is on the removing party.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

1       "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). Defendant's notice of removal is based on 28 U.S.C. §1332. Under section 1332(a), original jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the case is "between citizens of different states." To meet the requirement of diversity of citizenship, Defendant must show "complete diversity of citizenship." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). This requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*

      The removing party is required to allege diversity, which includes "alleg[ing] affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert,* 265 F.3d 853, 857 (9th Cir. 2001). Defendants claim that Plaintiff is a resident of California. (Notice of Removal, ECF no. 1.) Defendants claim that Regal Cinemas, Inc. is a limited liability company, "registered in Tennessee, with a principal place of business in Knoxville, Tennessee." (*Id*.) Because Defendant Regal Cinemas, Inc. is a limited liability company, its citizenship is determined by examining the citizenship of each of their members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). The Notice of Removal does not provide any information regarding the membership of the limited liability company. Accordingly, Defendants have not met their burden affirmatively to allege the citizenship of all parties. The Notice of Removal fails to establish federal jurisdiction.

//
//
//
//
//
//

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is therefore remanded to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: January 20, 2022

*/s/ M. James Lorenz*
Hon. M. James Lorenz
United States District Judge